IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: § | Chapter 11 | |
| SPEED INDUSTRIAL GAS, LLC, § | | |
| Debtor. § | Case No. 21-51297 | |
| § | | |
| § | | |
| MATHESON TRI-GAS, INC., § | Adversary No. _____ | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| SPEED INDUSTRIAL GAS, LLC, JOSH § | | |
| BALDAUF, SCOTT BURRIS, JASON § | | |
| FULCHER, BRIAN JACKSON, § | | |
| ROBERT LEAL, DANIEL OLIVAREZ, § | | |
| RICHARD SCHOBINGER, and COTTON § | | |
| SPEED, § | | |
| § | | |
| Defendants. § | | |
| § | | |

## NOTICE OF REMOVAL

Speed Industrial Gas, LLC ("Speed Industrial" or the "Debtor") files this *Notice of Removal* (hereinafter, the "Notice") to the United States Bankruptcy Court for the Western District of Texas, San Antonio Division of the civil action styled *Matheson Tri-Gas v. Speed Industrial, LLC, et al.*, Case No. 21-08-0714-CVA, currently pending in the District Court of Atascosa County, Texas, in the 81st/218th Judicial District (the "State Court Action"). Matheson Tri-Gas, Inc. ("Matheson") filed the State Court Action on August 20, 2021. Subsequently, Speed Industrial, a Texas limited liability company, filed Chapter 11 bankruptcy in the Bankruptcy Court for the Western District of Texas, San Antonio Division (the "Texas Bankruptcy Court") on October 22, 2021 (the "Bankruptcy Case").

Speed Industrial files this Notice pursuant to this Court's jurisdiction under 28 U.S.C. §§ 1452 & 1334, and FED. R. BANKR. P. 9027. In support of this Notice, Speed Industrial states as follows:

## BRIEF BACKGROUND

1. On August 20, 2021, Matheson filed the State Court Action against Speed Industrial. Speed Industrial filed its answer on September 3, 2021. A true and correct copy of the entirety of the record in the State Court Action record is attached herein as **Exhibits A-1 – A-28**.[1]

2. On October 22, 2021 (the "Petition Date"), Speed Industrial filed a voluntary Chapter 11 bankruptcy petition, thereby initiating this Bankruptcy Case.

3. Once Speed Industrial initiated the Bankruptcy Case, the State Court Action was automatically stayed pursuant to 11 U.S.C. § 362.

## BASIS OF REMOVAL

4. Removal to this Court is proper under 28 U.S.C. § 1452(a) because the State Court Action is pending in the District Court of Atascosa County, Texas, which is within the jurisdiction and division of this Court district. *See, e.g.,* LOCAL RULES at Section I (noting the jurisdiction of Western District of Texas, San Antonio Division). Speed Industrial believes this matter should be transferred to the Bankruptcy Court so that it can be resolved alongside its currently-pending Bankruptcy Case.

## I. The Petition for Removal is Timely.

5. Federal Rule of Bankruptcy Procedure 9027(a)(2) provides that "a notice of removal may be filed . . . within . . . (B) **30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under 362 of the Code** . . . ."

---

[1] Due to the length of some of the documnets, the docket and pleadings from the State Court Action have been uploaded as individual exhibits.

(emphasis added). *See*, *e.g.*, *In re Eagle Bend Development*, 61 B.R. 451, 458 (W.D. La. 1986) ("[W]e conclude that Bankruptcy Rule 9027(a)(2) continues to govern the procedure for removal in bankruptcy related matters and accordingly the request for removal was timely . . . .").

6. Here, this Notice was filed contemporaneously with the Debtor's bankruptcy petition. As such, this removal is timely filed pursuant to FED. R. BANKR. P. 9027(a)(2)(B). *See*, *e.g.*, *Matter of Daniele Laundries, Inc.*, 34 B.R. 931, 934 (S.D.N.Y. Br. 1983). FED. R. BANKR. P. 9027(a)(2)(B) "permits the removal of pending litigation **as long as the applicable stay is still in effect**." (emphasis added). This point is made clear by the advisory committee note accompanying Rule 9027(a)(2) which states: "As long as the stay remains in effect there is no reason to impose a time limit for removal to the bankruptcy court." As such, the automatic stay remains in effect and the notice for removal is timely.

## II. Removal is Proper.

7. Section 1452(a) provides that, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, **if such district court has jurisdiction of such claim or cause of action under section 1334 of this title**." 28 U.S.C. § 1452(a) (emphasis added).

8. Section 1334, in turn, provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. This Court's "related to" jurisdiction is particularly broad and, as such, this Court has jurisdiction over the claims in this action. The State Court Action is directly "related to" the Bankruptcy Case.

9. Moreover, the Fifth Circuit has held that the jurisdictional grant in § 1334(b) is "broad[]," and has held that:

> [T]he test for whether a proceeding properly invokes federal "related to" jurisdiction is whether the outcome of the proceeding could **conceivably affect the estate being administered in bankruptcy**. *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 434 (5th Cir.2001). **Certainty is unnecessary**; an action is "related to" bankruptcy if the outcome could **alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate**. *See Feld v. Zale Corp.* (*In re Zale Corp.*), 62 F.3d 746, 752 (5th Cir.1995).

*In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007) (emphases added).

10. This action far surpasses that low threshold. Matheson is suing the Debtor, its owner/Sole Member (Mr. Ernest W. "Cotton" Speed, III.) and Debtors' employees. As such, resolution of the State Court Action (whether positively or negatively) will have a **direct** impact on the efficient resolution/adjudication of this Bankruptcy Case, particularly since Mr. Speed needs to focus on the reorganization of the Debtor. Matheson's alleged claims against the Debtor will also affect the final disposition to the creditors.

11. This demonstrates the State Court Action would, at a minimum, be "related to" the Bankruptcy Case. Because the State Court Action involves the Debtor, as well as its management and professionals, it is proper that this action be removed to the Bankruptcy Court.

[*Remainder of Page Left Blank Intentionally*.]

## NOTICE

12. Contemporaneously with the filing of this Notice, as required by 28 U.S.C. § 1446(d), the Debtor is providing written notice of this removal to Matheson, through Matheson's attorney of record in the State Court Action. The Debtor is also filing a *Notice of Filing* contemporaneously in the State Court Action, with a copy of this Notice of Removal.

Respectfully submitted this 23rd day of October, 2021.

/s/ *Lloyd A. Lim*
Lloyd A. Lim
State Bar No. 24056871
Rachel T. Kubanda
State Bar No. 24093258
BALCH & BINGHAM LLP
811 Louisiana Street, Suite 1010
Houston, Texas 77002
Telephone: (713) 362-2550
llim@balch.com
rkubanda@balch.com

*Attorneys for Speed Industrial Gas, LLC*

## **CERTIFICATE OF SERVICE**

      I certify that, on October 23rd, 2021, a copy of the foregoing has been filed and delivered via filing on the Court's CM/ECF system, and by email to the parties listed below. I further certify that the following parties also received a copy of the foregoing by U.S. mail, properly addressed and postage prepaid, on October 25, 2021:

Mike Seely
mseely@foley.com
Michael F. Ryan
mryan@foley.com
Rey Rodriguez IV
rrodrigueziv@foley. com
1000 Louisiana Street, Suite 2000
Houston, Texas 77002-5007
Telephone: (7 13) 216-5500
Facsimile: (713) 276-5555

ATTORNEYS FOR PLAINTIFF,
MATHESON TRI-GAS,INC.

Julia Mann
Reagan M. Marble
Matthew J. Swantner
Jackson Walker LLP
112 East Pecan, Suite 2400
San Antonio, Texas 78205
jmann@jw.com
rmarble@jw.com
mswantner@jw.com

COUNSEL TO DANIEL OLIVAREZ

Trace Blair
Wigington Rumley Dunn & Blair LLP
902 Canpbell Avenue
Jourdanton, Texas 78026
tblair@wigrum.com

*and*

Lawrence Morales II
The Morales Firm P.C.
6243W.Interstate 10, Suite 132
San Antonio, Texas 78201
lawrence@themoralesfirm.com

COUNSEL TO JOSH BALDAUF, SCOTT BURRIS, JASON FULCHER, BRIAN JACKSON, ROBERT LEAL, AND RICHARD SCHOBINGER

                        /s/ *Rachel T. Kubanda*
                        Rachel T. Kubanda