# EXHIBIT A-4

Margaret E. Littleton
District Clerk
Atascosa County, Texas
Reviewed By: Andrea Villalobos

CAUSE NO. 21-08-0714-CVA

| | | |
|---|---|---|
| MATHESON TRI-GAS, INC., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SPEED INDUSTRIAL GAS, LLC, JOSH | § | ATASCOSA COUNTY, TEXAS |
| BALDAUF, SCOTT BURRIS, JASON | § | |
| FULCHER, BRIAN JACKSON, | § | |
| ROBERT LEAL, DANIEL OLIVAREZ, | § | |
| AND RICHARD SCHOBINGER, | § | |
| | § | |
| Defendants. | § | 81ST/218TH JUDICIAL DISTRICT |

## AGREED CONFIDENTIALITY & PROTECTIVE ORDER

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

**1.      Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential" or "Attorneys Eyes Only" ("AEO") by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

**2.      Qualified Persons**

"Qualified Persons" means:

a.      For Attorneys Eyes Only information:

i.      retained counsel for the parties in this litigation and their respective staff;

ii.      actual or potential independent experts or consultants (and their clerical or administrative staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be

maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel.

  iii.  this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

  iv.  any certified court reporter used by a party in the taking of a deposition in this litigation.

b.  For Confidential information:

  i.  the persons identified in subparagraph 2(a);

  ii.  the party, if a natural person;

  iii.  if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

  iv.  litigation vendors, court reporters, and other litigation support personnel;

  v.  any person who was an author, addressee, or intended or authorized recipient or reviewer of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

  vi.  any other person to whom the parties agree to in writing, provided the person be informed of this order and agree to be bound by the terms of this Protective Order (such signed document to be maintained by one of the attorneys of the parties).

  vii.  any witness who is testifying at a deposition, hearing, or trial for use with that witness' testimony or any other purpose permitted by the Texas Rules of Civil Procedure or Texas Rules of Evidence.

c.  Such other person as this court may designate after notice and an opportunity to be heard.

d.  Nothing in this Protective Order shall prohibit a disclosing party from making available to whomever it chooses the documents that it has designated "Confidential" or "Attorneys Eyes Only."

### 3. Designation Criteria

a. *Nonclassified Information.* Classified Information shall not include information

that either:

    i.        is in the public domain at the time of disclosure, as evidenced by a written document;

    ii.       becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

    iii.     the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

    iv.     lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b. *Classified Information.* A party shall designate as Classified Information only such

information that the party in good faith believes in fact is confidential. Information that is generally

available to the public, such as public filings, catalogues, advertising materials, and the like, shall

not be designated as Classified Information.

Information and documents that may be designated as Classified Information include, but

are not limited to, trade secrets, confidential or proprietary financial information, operational data,

business plans, and competitive analyses, personnel files, personal information that is protected by

law, and other sensitive information that, if not restricted as set forth in this order, may subject the

producing or disclosing person to competitive or financial injury or potential legal liability to third

parties.

Correspondence and other communications between the parties or with nonparties may be

designated as Classified Information if the communication was made with the understanding or

reasonable expectation that the information would not become generally available to the public.

c. *Attorneys Eyes Only.* The designation "Attorneys Eyes Only" shall be reserved for

information that is believed to be unknown to the opposing party or parties, or any of the employees

of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

d.      *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

**4.      Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

**5.      Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Attorneys Eyes Only". In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

**6.      Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys Eyes Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days after receipt of the transcript of the specific pages and lines of the transcript and/or any attached deposition exhibit that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as Attorneys Eyes Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

### 7.     Disclosure to Qualified Persons

a.     *To Whom.*   Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however,*** that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) to allow the producing party time to seek a protective order or confidential treatment of such information. Information designated as Attorneys Eyes Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

AGREED CONFIDENTIALITY AND PROTECTIVE ORDER                                    Page 5 of 12

b.       *Retention of Copies During this Litigation.*    Copies of Attorneys Eyes Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c.       Each party's outside counsel shall maintain a log of all copies of Attorneys Eyes Only documents that are delivered to Qualified Persons.

**8.       Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential Information or Attorneys Eyes Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**9.     Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as Attorneys Eyes Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential" or "Attorneys Eyes Only" by the producing party.

**10.     Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

**11.     Challenging the Designation**

a.     *Classified Information.*   A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 30 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the court orders

otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b. *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

**12. Manner of Use in Proceedings**

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for in camera review; or (3) file such information under seal with the court consistent with Texas Rule of Civil Procedure 76a.

**13. Filing Under Seal**

If a party seeks to use any "Confidential" or "Attorneys Eyes Only" information of another party to support a motion, brief, or pleading, the party shall either: (1) file, with the motion, brief, or pleading, a motion with the Court to file the "Confidential" and/or "Attorneys Eyes Only" under

seal pursuant to Texas Rule of Civil Procedure 76a or provide the other party 15 days to file a Motion to Seal pursuant to 76a, and, if granted by the Court, then file the "Confidential" and/or "Attorneys Eyes Only" information under seal in compliance with the Court's order; or (2) request that the Court consider and inspect the Confidential Information *in camera*. The parties and their counsel shall give written notice to the other party's counsel at least fifteen (15) business days, excluding legal holidays, before filing any of the opposing parties' Confidential Information with a Court or disclosing any Confidential Information to a witness or prospective witness in court, so as to give the other party's counsel time to seek a temporary or permanent sealing order under Texas Rule of Civil Procedure 76a if a Motion has not already been granted on such information. Each Motion to Seal under Texas Rule of Civil Procedure 76a filed in relation to documents or information covered by this Agreement is deemed "agreed and unopposed" by the opposing party. The parties agree, and it is ordered, that any "Confidential" and/or "Attorneys Eyes Only" information filed in support of a motion, brief, or pleading under seal will be considered part of the court record for all purposes, including any subsequent appeal. Nothing in this Protective Order shall be construed as a waiver of the parties' obligation to comply with Texas Rule of Civil Procedure 76a, which governs the sealing of court records. Notwithstanding the foregoing, for purposes of filing or disclosing any Confidential and/or AEO Information to a witness or prospective witness in court in connection with or during a temporary injunction hearing, no prior notice to the other party is required, provided the other provisions of this Order are followed.

### 14. Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this

court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

**15.     Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

**16.     Advice to Clients**

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

**17.     Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

**18.     Waiver**

Neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation. Nothing in this Protective Order or the production of any Classified Information in this litigation shall be deemed to have the effect of an admission or waiver, including that anything is or is not a trade secret.

**19.    Modification and Exceptions**

The parties may, by agreement pursuant to Texas Rule of Civil Procedure 11, provide for exceptions to this Protective Order and any party may seek an order of this court modifying this Protective Order.

9/1/2021

It is SO ORDERED this _____ day of _____, 2021.

*Russell Wilson*

_____

DISTRICT COURT JUDGE

**AGREED:**

FOLEY & LARDNER LLP
1000 Louisiana Street, Suite 2000
Houston, Texas 77002
(713) 276-5500
(713) 276-5555 Facsimile
mseely@foley.com
mryan@foley.com
rrodrigueziv@foley.com

_____
Mike Seely
State Bar No. 24054148
Michael F. Ryan
State Bar No. 24098362
Rey Rodriguez IV
State Bar No. 24107357

**ATTORNEYS FOR PLAINTIFF
MATHESON TRI-GAS, INC.**

BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203
(205) 226-3495 - Telephone
(205) 488-5821 - Facsimile
aisrael@balch.com
rkubanda@balch.com

_____
Adam Israel
(*Pro hac vice*)

JACKSON WALKER LLP
112 East Pecan, Suite 2400
San Antonio, Texas 78205
(210) 978-7761 – Telephone
(210) 242-4646 – Facsimile
jmann@jw.com

_____
Julia W. Mann
State Bar No. 00791171

**ATTORNEYS FOR DEFENDANTS
SPEED INDUSTRIAL GAS, JOSH
BALDAUF, SCOTT BURRIS, JASON
FULCHER, BRIAN JACKSON,
ROBERT LEAL, DANIEL OLIVAREZ,
AND RICHARD SCHOBINGER**

## **Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alma Miller on behalf of Michael Ryan
Bar No. 24098362
amiller@foley.com
Envelope ID: 56795551
Status as of 9/2/2021 1:37 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Julia Mann | | jmann@jw.com | 8/30/2021 4:36:14 PM | SENT |
| Rachel Thompson | 24093258 | rkubanda@balch.com | 8/30/2021 4:36:14 PM | SENT |
| Michael Ryan | | mryan@foley.com | 8/30/2021 4:36:14 PM | SENT |
| Mike Seely | | mseely@foley.com | 8/30/2021 4:36:14 PM | SENT |
| Rey Rodriguez | | rrodrigueziv@foley.com | 8/30/2021 4:36:14 PM | SENT |
| Reagan Marble | | rmarble@jw.com | 8/30/2021 4:36:14 PM | SENT |
| Emily Kissler | | ekissler@jw.com | 8/30/2021 4:36:14 PM | SENT |
| Carey L.Edwards | | cledwards@jw.com | 8/30/2021 4:36:14 PM | SENT |