IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | ) ) ) | |
| SPEED INDUSTRIAL GAS, LLC, | ) ) | Case No. 21-51297 |
| Debtor. | ) ) ) ) | Chapter 11 |

**JOINT EMERGENCY MOTION FOR
ENTRY OF AN AGREED ORDER AUTHORIZING DEBTOR TO OBTAIN
POSTPETITION FINANCING AND GRANTING RELATED RELIEF**

TO THE HON. CRAIG A. GARGOTTA,
U.S. BANKRUPTCY JUDGE:

Speed Industrial Gas, LLC (the "Debtor") and Ernest W. ("Cotton") Speed, the Debtor's officer and principal and a party in interest (the "Lender" and, together with the Debtor, the "Parties") hereby file this *Joint Emergency Motion for Entry of an Agreed Order Authorizing Debtor to Obtain Postpetition Financing and Granting Related Relief* (the "Motion"). Through this Motion, the Parties request the Court enter the Agreed Order substantially in the form attached hereto under Sections 105(a), 345, 363, 364, and 503 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtor: to (i) obtain post-petition unsecured financing, in an amount of up to $750,000.00, pursuant to Section 364 of the Bankruptcy Code; and (ii) granting related relief. In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Western District of Texas, San Antonio Division (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the

*Order of Reference to Bankruptcy Judges*, General Order 13-01 (W.D. Tex. Oct. 4, 2013) (Biery, C.J.).

2.  The legal predicates for the requested relief herein are Sections 105(a), 345, 363, 364, and 503 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004.

## EMERGENCY CONSIDERATION

3.  Pursuant to Bankruptcy Rule 6003, Debtor requests emergency consideration of this Motion. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." FED. R. BANKR. P. 6003. Failure to receive the requested relief during the first 21 days of the Chapter 11 Case (as defined below) would severely disrupt the Debtor's operations at this critical juncture. Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard. The Debtor respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

## BACKGROUND

4.  On October 22, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, (the "Bankruptcy Code"), which initiated the above captioned and styled bankruptcy case (the "Chapter 11 Case"). The Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in the Chapter 11 Case.

5.  The Debtor is an industrial, welding, and bulk gas company with facilities located in San Antonio and Pleasanton, Texas. The Debtor offers a variety of products and services including in house bulk gas installation and AWS Certified Weld Inspector Services.

6. The Debtor's current cash balance and cash flow are insufficient to cover the Debtor's immediate operating expenses, which will be incurred in the regular course of business including the payment of the Debtor's critical vendors (the "Critical Vendors") and employees (the "Employees").

7. Accordingly, the Debtor needs immediate access to financing to fund necessary operations, maintain and pay Critical Vendors and Employees, and preserve value for all stakeholders.

8. To meet these financing needs, the Lender seeks to give the Debtor an unsecured postpetition cash loan of up to $750,000.00 (the "Loan") allowable as an administrative expense claim under Section 503(b)(1) of the Bankruptcy Code.

## RELIEF REQUESTED

9. The Debtor respectfully requests entry of an Agreed order under Section 364(b) of the Bankruptcy Code and Bankruptcy Rules 4001(d) and 9014:

   a. Authorizing the Debtor to obtain up to $750,000.00 in post-petition financing pursuant to the terms set forth below in the *Agreed Order Authorizing the Debtor to Obtain Unsecured Debt Allowable under Section 503(b)(1) as an Administrative Expense* (the "Agreed Order"), attached hereto as **Exhibit A**;

   b. Granting to the Lender an administrative expense priority for the kind specified in Section 503(b)(1) of the Bankruptcy Code;

   c. Authorizing the Debtor to disburse the Loan proceeds consistent with the Debtor's proposed Budget, attached hereto as **Exhibit B**; and

   d. Waiving any applicable stay and providing for the immediate effectiveness of the Agreed Order; and

10. As set forth in the Budget, the Debtor has and continues to incur necessary expenses for which the Debtor does not have sufficient funds, including rent, general business expenses, and salaries for the Debtor's key employees/contractors, which are critical to maintaining the Debtor's

value. In addition, the Debtors have contemporaneously filed several motions to pay certain prepetition claims that will be funded through the Loan proceeds. For example, the Debtor has filed a Motions to Pay Employees and Critical Vendors, which are critical to the Debtor's reorganization efforts. The Employees have continued to remain dedicated to the Debtor leading up to the filing of this Chapter 11 Case, but the Debtor and the estate cannot expect these individuals to continue their employment and dedication without payment. Similarly the Critical Vendors have been willing to provide goods and services to the Debtor on credit leading up to and throughout the initial stages of the Chapter 11 Case. However, without the Loan, the Debtor will not have sufficient cash to pay the Critical Vendors whose goods and services are needed if the Debtor's reorganization is to be successful. Accordingly, the Loan is critical to fund necessary estate expenses that are essential to the Debtor's successful reorganization.

## SUMMARY OF RELIEF REQUESTED

11. The Loan will be provided in accordance with the terms and conditions set forth in the Agreed Order.

12. In compliance with Bankruptcy Rules 4001(c) and (d), the Debtor makes the following concise statement about the relief requested herein:

    a.    **Borrowers:** Debtor Speed Industrial Gas, LLC.

    b.    **Lender:** Ernest W. "Cotton" Speed, or his assigns.

    c.    **Loan:** An unsecured cash loan to the Debtor in a principal amount of up to $750,000.00.

    d.    **Purpose:** The Loan proceeds would be available to the Debtor for general corporate purposes, including the payment of the Employees, the Critical Vendors, professional fees and expenses, and the costs of administering the Debtor's Chapter 11 Case, in accordance with, and subject to, the amounts set forth on the Budget.

    e.    **Interest Rate:** The Loan will bear 0% interest.

  f.  **No Security:** The Loan will be unsecured, and allowable as an administrative expense claim under Section 503(b)(1) of the Bankruptcy Code.

## BASIS FOR RELIEF

13. As set forth above, the Debtor's ability to maintain the Project and preserve the Debtors' assets for an eventual reorganization or sale requires post-petition financing.

14. Section 364(b) of the Bankruptcy Code provides "[t]he court, after notice and a hearing, may authorize the trustee [or debtor in possession] to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this Section, allowable under Section 503(b)(1) of this title as an administrative expense." 11 U.S.C. § 364(b).

15. As set forth herein, the Debtor submits that the proposed financing satisfies the requirements of the Bankruptcy Code. Post-petition financing under the terms set forth in the Agreed Order is consistent with the Debtor's reasonable business judgment. Courts grant considerable deference to a debtor-in-possession's business judgment, so long as the agreement to obtain such credit does not run afoul of the provisions of, and policies underlying, the Bankruptcy Code. *See In re L.A. Dodgers LLC,* 457 B.R. 308, 313 (Bankr. D. Del. 2011) ("[C]ourts will almost always defer to the business judgment of a debtor in the selection of the lender.").

16. It is extremely unlikely that financing on better terms is available. The Lender is prepared to make a substantial investment in the Debtor at significant financial risk to himself, in an effort to ensure the success of the Debtor's reorganization. Furthermore, under the circumstances of this Chapter 11 Case, the Debtor believes that the terms of the proposed Loan are reasonable, fair, and in the best interest of the Debtor and the Debtor's estate.

17. As set forth above, the Debtor does not have funds to satisfy ongoing and past-due expenses, including the expenses owed to the Critical Vendors and Employees, without the Loan. Access to immediate financing is necessary to maintain and continue to advance the Debtor's

business to a viable state. Accordingly, the Debtor has an immediate need to obtain financing to preserve and maximize the value of the Debtor's estate.

18. Furthermore, the Loan terms are fair and reasonable. The Debtor could not obtain financing on better terms in the open market. Specifically, the Debtor would not be able to obtain unsecured financing at 0% interest. In exchange, the Lender, the principal of the company, gives the Debtor's business the best chance at viability.

## **WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)**

19. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 6004(h). As described above, the relief that the Debtor seeks in this Motion is necessary for the Debtor to operate without interruption and to preserve value for its estate. Accordingly, the Debtor respectfully requests that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## **RESERVATION OF RIGHTS**

20. Nothing contained in this Motion is or should be construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code; or (e) otherwise affect the Debtor's rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Motion.

## NOTICE

21. Notice of this Motion shall be given to: (a) the U.S. Trustee; (b) the Debtor's creditors; (c) Debtor's prepetition lender; (d) the United States Attorney's Office for the Western District of Texas; (e) the Internal Revenue Service; (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service; and (g) any party required to be served under Bankruptcy Local Rule 9013(d). Due to the nature of the relief requested herein, the Debtor submits that no other or further notice need be provided.

## CONCLUSION

**FOR THE REASONS STATED HEREIN**, the Debtor respectfully requests that the Court approve the attach *Agreed Order Authorizing Debtor to Obtain Postpetition Financing and Granting Related Relief*, and for such other and further relief as may be just and proper.

Dated: October 24, 2021

Respectfully submitted,

By: /s/ *Lloyd A. Lim*
Lloyd A. Lim
State Bar No. 24056871
Rachel T. Kubanda
State Bar No. 24093258
Balch & Bingham LLP
811 Louisiana Street, Suite 1010
Houston, Texas 77002
Telephone: (713) 362-2550
llim@balch.com
rkubanda@balch.com

*Proposed Counsel for Debtor,*
*Speed Industrial Gas, LLC*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that, on the October 24, 2021, a copy of the foregoing instrument was served on the parties entitled to receive notices through the Court's electronic notification system as permitted by the Local Rules of the U.S. Bankruptcy Court for the Western District of Texas. I further certify that the foregoing was also served by U.S. first class mail, postage pre-paid on each person on the attached matrix on October 25, 2021.

                                        /s/ *Rachel T. Kubanda*
                                        Rachel T. Kubanda

## List of Creditors

A1 FIRE & SAFETY
203 E Rhapsody Dr
San Antonio, TX 78216

AUTOMATIC DATA PROCESS
100 Northwest Point Blvd
Elk Grove Village, IL 60007

ADT SECURITY SERVICES
PO Box 371878
Pittsburgh, PA 15250

ALAMO CITY TRAILER
17515 IH 10 East
Luling, TX 78648

AMERISURE MUTUAL INS CO
Lockbox #730502
Dallas, TX 75373

Advanced Specialty Gas
135 Catron Dr
Reno, NV 89512

AMERICAN WELDING & GAS
PO Box 779009
Chicago, IL 60677

BALCH & BINGHAM LLP
PO Box 306
Birmingham, AL 35201

BROADWAY BANK
PO Box 171250
San Antonio, TX 78217

BLUE CROSS BLUE SHIELD
PO Box 650615
Dallas, TX 75265

BEST BLOCK
2233 Ackerman Rd
San Antonio, TX 78219

BLACKLINE
112 Lindell Pl, Ste 2202
San Antonio, TX 78212

BLANK, LLC
7209 Annabelle Ave
Baton Rouge, LA 70806

COMET SIGNS
5003 Stout Dr
San Antonio, TX 78219

CITY OF PLEASANTON
PO Box 209
Pleasanton, TX 78064

CPS ENERGY
PO Box 2678
San Antonio, TX 78289

CYLTEC
971 W Industrial Dr
Aurora, IL 60506

STANLEY BLACK & DECKER
Dewalt Dept 1165
PO Box 121165
Dallas, TX 75312

ENTERPRISE PRODUCTS
1100 Louisiana, 10th Floor
Houston, TX 77002

EVOLUTION POWER TOOLS
8363 Research Dr
Davenport, LA 52806

FREUD AMERICA
BA Diablo Tools
39817 Treasury Cntr
Chicago, IL 60694

FLEETCOR
PO Box 1239
Covington, LA 70434

FLEXOVIT
PO Box 62005E
Baltimore, MD 21264

FAST SIGNS
1714 SW Military Dr
San Antonio, TX 78221

FLAME TECHNOLOGIES INC
703 Cypress Creek Rd
Cedar Park, TX 78613

FUELMAN
PO Box 70887
Charlotte, NC 28272

GAS AND SUPPLY
109 Nell Deane
Shertz, TX 78154

GRAINGER
4924 NW Loop 410
San Antonio, TX 78229

IMPERIAL STEEL
PO Box 692228
San Antonio, TX 78269

IPS EQUIPMENT
PO Box 145
Byron, MI 48418

JARCO
8 Carpenter Dr
Salem, IL 62881

2

JBL SOLUTIONS
PO Box 82609
Baton Rouge, LA 70884

KAPLAN INDUSTRIES INC
6255 Kilby Rd
Harrison, OH 45030

KINECT COMMUNICATIONS
7700 Broadway 104-167
San Antonio, TX 78209

KWIK KOPY
6336 Bandera Rd
Ste 120
San Antonio, TX 78238

KLDISCOVERY ONTRACK, LLC
PO Box 845823
Dallas, TX 75284

KNIGHT OFFICE SOLUTIONS
12961 Park Central
Ste 1470
San Antonio, TX      78216

MURPHY BROS PAINT CO
PO Box 279
Friendswood, TX 77549

MARIO'S WELDING
10335 Ashbury Creek
San Antonio, TX 78245

LENCO
319 W Main St
Jackson, MO 63755

OFFICE DEPOT
PO Box 660113
Dallas, TX 75266

ORS NASCO
3706 Solutions Center
Chicago, IL 60677

PENNCOMP OUTSOURCED IT
PO Box 10570
Houston, TX 77206

PLASMA SYSTEMS
PO Box 41085
Houston, TX 77040

PROFAX
1603 N Main St
Pearland, TX 77581

PROPANE WORKS
4561 E Hwy 67
Ste B
Rainbow, TX 76077

3

QUALITY FASTNERS
10405 IH 35 North
San Antonio, TX    78233

QUALITY FENCE & WELDING
13115 Wetmore
San Antonio, TX 78247

QUILL LLC
PO Box 37600
Philadelpha, PA 19101

RATERMANN
601 Pinnacle Pl
Livermore, CA 94550

REVCO INDUSTRIES
dba Black Stallion Ind
10747 Norwalk Blvd
Santa Fe Springs, CA 90670

RISE BROADBAND
PO Box 844580
Boston, MA 02284

RUSH TRUCK LEASING
PO Box 34630
San Antonio, TX    78265

SANREX CORP
50 Seaview Blvd    Port
Washington, NY 11050

SAN ANTONIO WATER SYSTEM
PO box 2990
San Antonio, TX    78299

SOWESCO, LLC
dba Pinnacle Alloys
9384 Wallisville Rd
Houston, TX 77013

TIME WARNER CABLE
dba Spectrum
PO box 60074
City of Industry, CA 91716

SAFTCART
1322 Industrial Park Dr
Clarksdale, MS 38614

STEELMAX TOOLS
15335 E Freemont Dr
Centennial, CO 80112

TECHNIWELD USA
PO Box 44226
Atlanta, GA 30336

TOYOTA LIFT OF SOUTH TX
PO Box 733593
Dallas, TX 75373

TORCH & GAUGE INC
2350 NW Dallas St

Grand Prairie, TX 75050

TOYOTA COMMERCIAL
PO Box 660926
Dallas, TX 75266

TX CHILD SUPPORT SDU
PO Box 659791
San Antonio, TX 78256

TEXPO ENERGY
PO Box 3079
Houston, TX 77253

TX TAG
PO Box 650749
Dallas, TX 75265

ULINE
PO Box 88741
Chicago, IL 60680

UNIBRAZE CORP
1050 Penner Crest St
Houston, TX 77055

VALERO MARKETING & SUPPL
One Valero Way
San Antonio, TX 78249

VICTORY WELDING ALLOYS
30 Cypress Point Dr
Pinehurst, NC 28374

WASHINGTON ALLOY CO
4855 Alpine Dr #190
Stafford, TX 77477

WASTE CONNECTIONS
dba Vaquero Waste & Recycle
PO Box 679859
Dallas, TX 75267

WESTERN INTL GAS & CYL
PO Box 847909
Dallas, TX 75284

WELDING MACHINE & TORCH
7110 Eckhert Rd
San Antonio, TX 78238

WORTHINGTON CYLINDER CRP
27406 Network Place
Chicago, IL 60673

5