IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| SPEED INDUSTRIAL GAS, LLC, | § § | Case No. 21-51297 |
| Debtor. | § § § § | Chapter 11 |

### OBJECTION OF MATHESON TRI-GAS, INC. TO EMERGENCY CONSIDERATION OF DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY

Matheson Tri-Gas, Inc. ("Matheson"), creditor and party-in-interest in the above-styled case, files this objection to the *Emergency Motion for Entry of an Order Extending the Automatic Stay to Debtor's Officer and Sole Member, Ernest W. "Cotton" Speed III* [Docket No. 11] (the "Motion").[1]

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion and this Objection pursuant to 28 U.S.C. §§ 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.[2]

### BACKGROUND

**A. The State Court Case**

2. On August 20, 2021, Matheson commenced the State Court Case, filing suit against Speed Industrial Gas, LLC (the "Debtor"), along with Josh Baldauf, Scott Burris, Jason Fulcher,

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

[2] Out of an abundance of caution, Matheson reserves, and does not waive, any claims, defenses, arguments, or other rights regarding this Court's jurisdiction or constitutional authority, or the propriety of venue, regarding the State Court Case, which has been removed by the Debtor to this Court (*see* Docket No. 2) as Adversary Case No. 21-51297-cag.

Brian Jackson, Robert Leal, Daniel Olivarez, and Richard Schobinger (collectively, the "Individual Defendants").

3. On September 28, 2021, after conducting limited discovery incident to Matheson's application for temporary injunction, Matheson amended its petition to assert claims against Ernest W. "Cotton" Speed III based on certain actions that occurred prior to the formation of the Debtor. *See* Docket No. 2-25 (Matheson's *Verified First Amended Petition and Request for Temporary and Permanent Injunction*).

4. Matheson's business primarily concentrates on the production, sale, and distribution of various industrial gases and rental of related equipment for the handling and storage of gas to customers throughout the United States. Matheson employs several salespersons to service the central Texas area, including, until very recently, the Individual Defendants.

5. Each of the Individual Defendants executed confidentiality and non-disclosure agreements with Matheson during their employment. Further, in exchange for Matheson's provision of the confidential information, specialized training, and/or access to the goodwill and relationships Matheson has formed over the years with its customers, some of the Individual Defendants (Baldauf, Fulcher, Leal, and Schobinger) agreed that, for a period of 12 months after their employment with Matheson ended, they would not solicit: (a) Matheson's employees or (b) the customers they had business contact with during the final 24 months of their employment at Matheson.

6. Beginning in January 2021[3], Mr. Speed called Matheson's office and asked to talk to one of their top salesmen about a "big project":

---

[3] As it relates to Matheson's claims against Mr. Speed, while the Debtor refers to and relies upon the indemnity provisions in the limited liability company agreement to justify its request for extension of the stay, the actions

2

```
22          Q.   -- when did you first contact Mr. Speed?
23          A.   I did not contact Mr. Speed.  He --
24          Q.   When did he contact you?
25          A.   I believe that was in early -- late January.
16:1        Q.   How did he contact you?
 2          A.   There was a phone call that was placed at our
 3   store, and he -- Mr. Speed said there was -- he had a
 4   big project in New Braunfels, Texas, and he needed to
 5   talk to one of my top salesmen.
 6          Q.   So Cotton Speed called you or called the office
 7   generally?
 8          A.   He called the general number at the office.
 9          Q.   Did you receive that phone call or did someone
10   else receive it?
11          A.   I picked up the phone that time.
12          Q.   And when he said he needed to talk to one of
13   your top salesmen, did you direct him to someone?
14          A.   Yes, sir.  Well, I told him who my top salesman
15   was.
```
[4]

7.  Thereafter, Mr. Speed began meeting and communicating with one or more Matheson employees about the soon-to-be-formed competitor—now, the Debtor. After months of coordination and planning, beginning in May 2021, the Individual Defendants resigned from Matheson in quick succession. Prior to their respective departures, both Mr. Burris and Mr. Shobinger violated their contractual obligations and fiduciary duties by misappropriating Matheson's confidential information and/or soliciting Matheson employees to leave their employment with Matheson.

8.  For example, in early February 2021, Mr. Burris accessed Matheson's internal customer management system to create curated lists of Matheson's "Top Accounts" with those customers' year-to-date sales volumes at Matheson (by dollar amount), and then intentionally disclosed that list to Mr. Speed:

---

giving rise to Matheson's claims against Mr. Speed occurred prior to the formation of the Debtor. As such, the indemnity provision is likely inapplicable.

[4] This is a brief excerpt from Scott Burris's deposition on September 21, 2021.

```
From:          Scott Burris [sburris4242@gmail.com]
on behalf of   Scott Burris <sburris4242@gmail.com> [sburris4242@gmail.com]
Sent:          2/12/2021 10:02:09 AM
To:            cottonspeed@ymail.com
Subject:       Top Accounts
Attachments:   Top Accounts Ex.xlsx

Take a look at this when you can. I'll give you a call.

Thanks,
Scott
```

9. Following the Individual Defendants' resignations, Matheson began to receive notices from its customers of the solicitations by the Individual Defendants.

10. Accordingly, Matheson's claims against the Debtor, the Individual Defendants, and Mr. Speed relate to the unlawful misappropriation, use, and disclosure of Matheson's trade secret confidential information; numerous breaches and violations of the Individual Defendants' post-employment obligations to Matheson; and tortious interference with Matheson's business relations and contracts.

11. On October 4, 2020, the state court entered a temporary injunction, enjoining the Debtor, Mr. Speed, and the Individual Defendants as follows:

    a. Defendants and those acting in concert or participation with them who receive actual notice of this Order by personal service, via email, certified mail return receipt requested, regular US mail, through their attorney, or otherwise, are restrained from directly or indirectly disclosing or using any of Matheson's Confidential Information;

    b. Baldauf, Fulcher, Leal, and Schobinger, and those acting in concert or participation with them who receive actual notice of this Order by personal service, via email, certified mail return receipt requested, regular US mail, through their attorney, or otherwise, are restrained from directly or indirectly soliciting any current Matheson employee to alter, leave, or cease their employment relationship with Matheson;

    c. Baldauf, Fulcher, Leal, and Schobinger, and those acting in concert or participation with them who receive actual notice of this Order by personal service, via email, certified mail return receipt requested, regular US mail, through their attorney, or otherwise, are restrained from directly or indirectly soliciting any Matheson customer with whom Baldauf, Fulcher, Leal, and Schobinger personally had contact during the final twenty-four (24) months of their respective employments with Matheson:

        i. to purchase services or products that are competitive with those marketed, offered for sale, and/or were under any stage of development by Matheson during their respective employments; or

        ii. to alter, leave, or cease their business relationship with Matheson for any reason; and

    d. Defendants and those acting in concert or participation with them who receive actual notice of this Order by personal service, via email, certified mail return receipt requested, regular US mail, through their attorney, or otherwise, are restrained from deleting or destroying documents and communications with customers or prospective customers or any Matheson Confidential Information in their possession, custody, or control in hard copy or on any electronic devices in their possession, custody, or control, including, but not limited to, computers, laptops, cell phones, smart phones, PDAs, tablets, or other electronic devices.

A copy of the temporary injunction order is attached hereto as **Exhibit A**.

**B.    The Chapter 11 Case and Adversary Proceeding**

12.    On October 22, 2021, the Debtor filed its voluntary Chapter 11 petition, commencing the above-styled Chapter 11 case.

13.    On October 23, 2021, the Debtor filed its Notice of Removal, removing the State Court Case incident to the Debtor's Chapter 11 filing. This case is now pending before this Court

as Adversary Case No. 21-51297-cag (the "Adversary Proceeding"). The Court has set a status hearing in the Adversary Proceeding on November 10, 2021.

14. On October 24, 2021, the Debtor filed its Motion, asking the Court to extend the automatic stay to Mr. Speed in connection with the State Court Case on an emergency basis. The Debtor's counsel did not serve Matheson's counsel via e-mail, and as of the filing of this objection, Matheson's counsel has not received service of the Motion. Matheson's counsel only learned of the Motion in reviewing the docket of this Chapter 11 Case on PACER.

15. The basis offered in the Motion for the requested stay is simply that Mr. Speed will be "distracted from his duties as officer and principal of the Debtor, resulting in prejudice to the Debtor's reorganization efforts." Moreover, the Debtor alleges that "if discovery were to proceed in the State Court Case" that Matheson would seek documents from the Debtor and Mr. Speed, "creating an even further burden on the Debtor's estate." The basis provided for emergency relief is the conclusory statement that "[f]ailure to receive the requested relief during the first 21 days of the Chapter 11 Case [ ] would severely disrupt the Debtor's operations at this critical juncture."

16. On October 25, 2021, the Debtor filed its *Request for Emergency Consideration of Certain First Day Matters* (Docket No. 13) (the "First Day Hearing Request"), asking this Court to set a hearing on the Motion as well as a number of more typical first-day motions on an emergency basis.

17. On October 26, 2021, the Court entered its Order (Docket No. 19) granting the First Day Hearing Request and setting the Motion and various other first-day motions for hearing on October 28, 2021 at 10:00 a.m. (the "First Day Hearing").

6

**OBJECTION**

18. As an initial matter, although Matheson's counsel is listed in the Debtor's Motion's certificate of service, as of the filing of this objection, Matheson's counsel has not received service of the Motion, the First Day Hearing Request, or notice for the First Day Hearing. Upon review of the Debtor's bankruptcy case on October 26, 2021, Matheson's counsel discovered the Motion, along with the notice of hearing for October 28, 2021. As a result, Matheson has not had adequate time to respond to the Motion. To ensure that it timely registers an objection to the Motion for the purposes of the First Day Hearing, Matheson formally objects to the relief sought by the Debtor in its entirety and states that the allegations in the Motion fail to satisfy the very high threshold under Fifth Circuit precedent for extending the automatic stay to a non-debtor.

19. For the reasons stated below, Matheson believes that the Motion does not satisfy the standard for emergency relief and asks that this Court set the Motion for hearing on standard notice. In the event, however, that the Court determines that some form of expedited hearing on the Motion is appropriate, Matheson asks, in the alternative, that the hearing on this Motion be continued to a later date to give Matheson adequate and sufficient time to respond to the Motion, given the deficient notice it received and the extremely short timeline on which the Debtor is seeking to have the Motion heard.

20. However, even if Matheson was given timely notice, the Debtor's Motion is not appropriate for emergency consideration. The Motion contains a boilerplate recitation of Bankruptcy Rule 6003's "immediate and irreparable harm" requirement for emergency relief, but fails to identify any imminent threat or event that could even colorably satisfy that standard. Instead, the Debtor alleges only a conclusory statement that failure to receive the requested relief during the first 21 days of the case "would severely disrupt the Debtor's operations at this critical

juncture" and thus alleges that it has satisfied the "immediate and irreparable harm." *See* Docket No. 11 at ¶ 25. The Motion, however, was filed on October 24, 2021—the day after the Debtor removed the State Court Case to this Court. *See* Docket No. 2. As the State Court Case is now pending before this Court as the Adversary Proceeding, the Debtor cannot show immediate and irreparable harm to permit emergency consideration of the Motion. In addition, the Debtor's complaint regarding discovery is inapplicable as there is no outstanding discovery, nor will any discovery be served prior the Court's status hearing in the Adversary Proceeding on November 10, 2021.

21. Given the lack of notice and the Debtor's request for emergency consideration of the Motion, Matheson files this objection to the consideration of Debtor's Motion on October 28, 2021, expressly reserving any and all claims, defenses, arguments, and other rights relating to the Motion, the Debtor's request to extend the automatic stay to Mr. Speed, and/or Matheson's right to request remand and/or abstention in the Adversary Proceeding at a later date.

## CONCLUSION

Accordingly, Matheson respectfully requests that this Court (a) deny the Debtor's Motion; (b) in the alternative, continue or otherwise reset the hearing on the Motion to provide Matheson with adequate time to respond to the Motion; and (c) award Matheson any such other relief that this Court may deem appropriate.

October 28, 2021

        Respectfully submitted,

        **FOLEY & LARDNER LLP**

        /s/ *Mike Seely*
        Mike Seely
        Texas Bar No. 24054148
        mseely@foley.com
        Michael K. Riordan
        Texas Bar No. 24070502
        mriordan@foley.com
        1000 Louisiana, Suite 2000
        Houston, Texas 77002-5011
        713-276-5000 (Telephone)
        713- 276-5555 (Facsimile)

        **COUNSEL FOR MATHESON TRI-GAS, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing filing was served on this, the 28th day of October, 2021 on all parties entitled to receive service through the Court's ECF system. I further certify that the foregoing was also served by U.S. first class postage pre-paid on each person on the attached matrix.

        /s/ *Mike Seely*
        Mike Seely

4880-2582-1697.2

## List of Creditors

A1 FIRE & SAFETY
203 E Rhapsody Dr
San Antonio, TX 78216

AUTOMATIC DATA PROCESS
100 Northwest Point Blvd
Elk Grove Village, IL 60007

ADT SECURITY SERVICES
PO Box 371878
Pittsburgh, PA 15250

ALAMO CITY TRAILER
17515 IH 10 East
Luling, TX 78648

AMERISURE MUTUAL INS CO
Lockbox #730502
Dallas, TX 75373

Advanced Specialty Gas
135 Catron Dr
Reno, NV 89512

AMERICAN WELDING & GAS
PO Box 779009
Chicago, IL 60677

BALCH & BINGHAM LLP
PO Box 306
Birmingham, AL 35201

BROADWAY BANK
PO Box 171250
San Antonio, TX 78217

BLUE CROSS BLUE SHIELD
PO Box 650615
Dallas, TX 75265

BEST BLOCK
2233 Ackerman Rd
San Antonio, TX 78219

BLACKLINE
112 Lindell Pl, Ste 2202
San Antonio, TX 78212

BLANK, LLC
7209 Annabelle Ave
Baton Rouge, LA 70806

COMET SIGNS
5003 Stout Dr
San Antonio, TX 78219

CITY OF PLEASANTON
PO Box 209
Pleasanton, TX 78064

CPS ENERGY
PO Box 2678
San Antonio, TX 78289

CYLTEC
971 W Industrial Dr
Aurora, IL 60506

STANLEY BLACK & DECKER
Dewalt Dept 1165
PO Box 121165
Dallas, TX 75312

ENTERPRISE PRODUCTS
1100 Louisiana, 10th Floor
Houston, TX 77002

EVOLUTION POWER TOOLS
8363 Research Dr
Davenport, LA 52806

FREUD AMERICA
BA Diablo Tools
39817 Treasury Cntr
Chicago, IL 60694

FLEETCOR
PO Box 1239
Covington, LA 70434

FLEXOVIT
PO Box 62005E
Baltimore, MD 21264

FAST SIGNS
1714 SW Military Dr
San Antonio, TX 78221

FLAME TECHNOLOGIES INC
703 Cypress Creek Rd
Cedar Park, TX 78613

FUELMAN
PO Box 70887
Charlotte, NC 28272

GAS AND SUPPLY
109 Nell Deane
Shertz, TX 78154

GRAINGER
4924 NW Loop 410
San Antonio, TX 78229

IMPERIAL STEEL
PO Box 692228
San Antonio, TX 78269

IPS EQUIPMENT
PO Box 145
Byron, MI 48418

JARCO
8 Carpenter Dr
Salem, IL 62881

JBL SOLUTIONS
PO Box 82609
Baton Rouge, LA 70884

KAPLAN INDUSTRIES INC
6255 Kilby Rd
Harrison, OH 45030

KINECT COMMUNICATIONS
7700 Broadway 104-167
San Antonio, TX 78209

KWIK KOPY
6336 Bandera Rd
Ste 120
San Antonio, TX 78238

KLDISCOVERY ONTRACK, LLC
PO Box 845823
Dallas, TX 75284

KNIGHT OFFICE SOLUTIONS
12961 Park Central
Ste 1470
San Antonio, TX      78216

MURPHY BROS PAINT CO
PO Box 279
Friendswood, TX 77549

MARIO'S WELDING
10335 Ashbury Creek
San Antonio, TX 78245

LENCO
319 W Main St
Jackson, MO 63755

OFFICE DEPOT
PO Box 660113
Dallas, TX 75266

ORS NASCO
3706 Solutions Center
Chicago, IL 60677

PENNCOMP OUTSOURCED IT
PO Box 10570
Houston, TX 77206

PLASMA SYSTEMS
PO Box 41085
Houston, TX 77040

PROFAX
1603 N Main St
Pearland, TX 77581

PROPANE WORKS
4561 E Hwy 67
Ste B
Rainbow, TX 76077

QUALITY FASTNERS
10405 IH 35 North
San Antonio, TX 78233

QUALITY FENCE & WELDING
13115 Wetmore
San Antonio, TX 78247

QUILL LLC
PO Box 37600
Philadelpha, PA 19101

RATERMANN
601 Pinnacle Pl
Livermore, CA 94550

REVCO INDUSTRIES
dba Black Stallion Ind
10747 Norwalk Blvd
Santa Fe Springs, CA 90670

RISE BROADBAND
PO Box 844580
Boston, MA 02284

RUSH TRUCK LEASING
PO Box 34630
San Antonio, TX 78265

SANREX CORP
50 Seaview Blvd Port
Washington, NY 11050

SAN ANTONIO WATER SYSTEM
PO box 2990
San Antonio, TX 78299

SOWESCO, LLC
dba Pinnacle Alloys
9384 Wallisville Rd
Houston, TX 77013

TIME WARNER CABLE
dba Spectrum
PO box 60074
City of Industry, CA 91716

SAFTCART
1322 Industrial Park Dr
Clarksdale, MS 38614

STEELMAX TOOLS
15335 E Freemont Dr
Centennial, CO 80112

TECHNIWELD USA
PO Box 44226
Atlanta, GA 30336

TOYOTA LIFT OF SOUTH TX
PO Box 733593
Dallas, TX 75373

TORCH & GAUGE INC
2350 NW Dallas St

Grand Prairie, TX 75050

TOYOTA COMMERCIAL
PO Box 660926
Dallas, TX 75266

TX CHILD SUPPORT SDU
PO Box 659791
San Antonio, TX 78256

TEXPO ENERGY
PO Box 3079
Houston, TX 77253

TX TAG
PO Box 650749
Dallas, TX 75265

ULINE
PO Box 88741
Chicago, IL 60680

UNIBRAZE CORP
1050 Penner Crest St
Houston, TX 77055

VALERO MARKETING & SUPPL
One Valero Way
San Antonio, TX 78249

VICTORY WELDING ALLOYS
30 Cypress Point Dr
Pinehurst, NC 28374

WASHINGTON ALLOY CO
4855 Alpine Dr #190
Stafford, TX 77477

WASTE CONNECTIONS
dba Vaquero Waste & Recycle
PO Box 679859
Dallas, TX 75267

WESTERN INTL GAS & CYL
PO Box 847909
Dallas, TX 75284

WELDING MACHINE & TORCH
7110 Eckhert Rd
San Antonio, TX 78238

WORTHINGTON CYLINDER CRP
27406 Network Place
Chicago, IL 60673